. Our third case this morning is number 18, 1147, Doe versus Housing and Development. Good morning, your honors. May it please the court, I'm Tamara Miller and I represent the petitioner, Ms. Han Doe. The substantial, if not overwhelming, record evidence in this case requires reversal of the board's decision to sustain the demotion and suspension of our client, Ms. Doe. The agency charged Ms. Doe with negligence of duty. That's described in two specifications, neither of which it proved. And if you examine the actual language of those specifications, she's accused of hiring this employee in 2006 knowing that she lacked the college degree which was required for the position and that she created a GS-14 higher level position for her three years later in 2009, knowing she didn't have a college degree as required for the position. In its brief, the agency wants to ignore what it charged, and that is simply not, that's not in compliance with the law. This court made it very clear in the King versus Nazareth case that the agency is required to prove what it charges. You remember that case? The employee was accused of theft. The evidence at the hearing showed evidence of misappropriation, right? The employee didn't intend to take the $20 permanently. Isn't it true that Ms. Doe didn't look at whether the particular person was qualified under a combination of education and work experience? Well, Your Honor, even if you look at the agency's alternative theory of negligence, which it's abandoned clearly in its brief, and it's saying that she failed alternatively to verify that this employee was qualified, we submit that Ms. Doe acted, this is back in 2006 now, we're talking 10 years earlier, acted like any reasonably prudent supervisor would do. At the time that she hired Ms. Asuncion in 2006, this employee had already been hired by the agency a year and a half earlier. She, in 2005, she'd already been converted from an employee, from a student to a career conditional employee. She had actually been promoted by the agency in Ms. Baltimore's office. She had actually been hired by another agency. I'm just trying to figure something out here. As far as I understand, there's no evidence in the record that Ms. Doe actually investigated for herself whether or not the person in question had this combined experience and education to qualify for these auditor positions. But she knew that this particular person couldn't qualify by having a college degree. So that's what I'm just trying to figure out. She had certain knowledge. This person couldn't qualify through having a college degree because that person didn't have a college degree. And then, as far as I understand, on this record, there's no evidence that Ms. Doe took the additional step to figure out, well, is there some other way that this person's qualified, i.e., through a combination of education and experience? Yes, Your Honor. In this particular instance, my client had been a supervisory auditor for 13 years at that time. Is it fair to say that my understanding is right, that there's no evidence in the record that shows that Ms. Doe undertook that exercise to try to figure out whether this person was qualified through some other means, given that this person didn't have a college degree? Well, that's partly true and not. And in the sense that our client, because she had experience as an auditor and had actually been trained as well, she understood the OPM standards, and they were generally well understood at that time, that you could be qualified by a combination of education and experience. And at the time, when it was clear to her that this employee did not have a college degree, she used her own experience and knowledge that you can qualify with both as a combination, and she also spoke to her supervisor, who was an SES, and who also had that same understanding. And together, collectively, they understood that this employee was qualified. She'd been working as an auditor almost two years at that point, a full-fledged auditor. And not only has she done that... But I think what's missing, and I understand there are two separate issues here, one being whether the specification was proved. Yes, sir. But then, assuming that the specification problem is put to one side, the question is whether there was substantial evidence as to whether she was negligent at that or charged. Yes. And isn't Judge Chen right that she doesn't say, she doesn't testify, that she made an investigation as to whether the alternative standard was satisfied? She relied on her supervisor, and I guess, to some extent, she relied on HR as having the obligation to do that, right? Precisely, and not only that... So the question becomes then whether that kind of reliance would be reasonable or whether she had to make her own investigation. Yes, and we submit that the uncontroversial substantial evidence in this record shows that, with the benefit of hindsight, hindsight's always 20-20. But clearly, at multiple gates, in the 10 years before this, Human Resources was consulted by that SES manager and said, listen, it's your choice. That Human Resources advisor who advised the SES supervisor, Gwen, also knew you could qualify. Everyone knew you could qualify as a result of a combination of both education and experience. But said, essentially, it's up to you. And so if that had been an absolute job prerequisite, Human Resources would never have approved the hiring or the transfer of this employee. In fact, we submit that a reasonable federal manager is going to rely on Human Resources. If Human Resources says, it's your choice, you believe she's qualified as a result of education experience. But our client not only just had just the education experience of that employee for over the two years, because that check-in by Human Resources in 2006 was verified yet again in 2008 when they did a background check on her. And that's before she was promoted to the next higher level position in 2009. Human Resources knew she didn't have a college degree and didn't disqualify her. And my client was acting like any reasonable federal supervisor would do. The agency suggests, I think, that... At that point, everybody thought that she qualified by the combined experience and correct? Yes, absolutely. Well, isn't that the problem here that your client did investigate to make sure that that was true? Yeah. Well, here, you know, our client, I think, you know, not only reasonably relied on her two senior executive supervisors who had the same understanding at the time of the promotion in 2009. Now this employee has four years of experience. And so if Human Resources, you know, felt that she wasn't qualified at that time, they would have told the supervisor, no, she has to have this degree. What does the board say about her negligence in not investigating herself and her inability to rely on HR and her supervisor? What exactly did they say about that? What did the board say about that? Well, the board said that it rejected our client's testimony that she... I think if you look at it as a whole, both the board and the deciding official seemed to focus on... what they said about her having an individual duty to investigate in the insopriety of her relying on HR and her supervisor. The board's decision as it discusses this is at page 17, I think, of the joint defendants. So the board, in its initial decision there, talks at length about the evidence that was presented and we would submit substituted her own judgment. In fact, controverted the testimony... But what I'm asking, what does she say about Ms. Doe's individual obligation to investigate? The board concluded that she had an independent obligation and that... Where does the board say that? At page... Independent obligation. Yes. In regard to the 2009 appointment. Yes, sir. Here, the appendix 17, the board acknowledges that 2009 appointment and the deciding official's testimony and essentially concurs that the appellant had this obligation and was held to a higher standard. She goes on in page 18 to explain that. So what we would say is that in doing so, not only did she ignore the actual charge and specifications that our client was defending herself against, she also ignored the testimony of the deciding official who said at that time, even in the hearing, as well as in the deciding official's written decision at page 329 and 335 and 337, that even the deciding official said, if Ms. Doe did not truly know that a college degree was required, there would be no neglect of duty. So while there is this sense that she should have done something different, even the deciding official and their testimony at the board, when it really came down to it, that deciding official decided that she must have known that this college degree was required and she must have known because she asked the employee about it a few times. And even the deciding official herself said, fundamentally what this came down to is not what she should have done because she understood that our client is not a human resources specialist, that HR, in fact, is supposed to be checking college transcripts and not your average federal manager. Where is the testimony that you're referring to? Yeah, at appendix 17, and this is the board, and this is the second paragraph. Do we have the actual testimony in the appendix here or not? No, the actual testimony, and this is odd, because the actual testimony of this witness, the deciding official, it's missing in that aspect of the transcript, but the administrative judge acknowledged that that was the testimony provided by the deciding official and, in fact, cited it at page 17 of the appendix in her decision. And we submit to you that it's in the second paragraph, right in the middle, where it says the deciding official, this is the witness, conceded that if the appellant did not truly know that a college degree was required, there would be no neglect of duty. That language is repeated in the actual written decision at pages 335 and 337 of the same deciding official. So what we're submitting is that the agency is changing, right? It's changing its definition of negligence, and that is simply not permitted. They have to prove what they charge, and here, even the deciding official in her written decision and in her testimony decided to demote and suspend our client because she felt that our client must have known that college degree was required. That's simply not supported by substantial evidence in the record, frankly, any evidence. And now it's telling that the agency wants to abandon its charge and go with an alternative theory that our client failed to verify that this employee was qualified without a college degree and therefore deserved to be punished. Well, this court in the LeChan's case, we think it's square on page because it says that if you have charges that are general, the board and this court will look to the actual specifications, but it's really not harmless error here. It's not harmless error because, as the court said in LeChan's, where the charge label provides no meaningful description of the charge, an agency would be free to prove any conduct generally relating to the charge, describe the specification, as long as it could be characterized as inappropriate or misconduct. Such a regime would be inconsistent with due process. So the agency is pursuing an alternative theory of negligence here, and that is simply harmful error, and it's also inappropriate because... What if, hypothetically, we agreed with you and said, okay, the articulation for the negligence finding that the board made is not truly lined up with the negligence theory articulated in the specifications of the deciding official? Do you have any dispute between what the deciding official did and the deciding official's rationale based on the specifications? Your problem seems to be more with between what HUD did and what the MSPB did, not necessarily what HUD did between the deciding official and the actual initial charges. Is that right? Yes, Your Honor. I think that's a fair statement. So then, just getting back to my hypothetical, what if the board on remand said, we're still affirming the negligence determination by HUD because of the fact that Ms. Doe never did any investigation of this alternate way of qualification. There was really only one way for this person to be qualified, and that is by having a college degree. This person didn't have a college degree, so therefore selecting this person twice over was negligence of her duty for hiring qualified people. Would that be something that's in line with what HUD did below? And therefore, we could reach the merits of that, and there wouldn't be this procedural defect that you're alleging here. Fundamentally, the issue we have, Your Honor, is that our client was found to have committed misconduct that she didn't commit. She's wrongfully accused of disregarding, intentionally disregarding a college degree requirement here and hiring somebody that she knew wasn't qualified. If you read the specifications, that's exactly what they've accused her of. And just like the court in the Nazarod case said, you're branding her of something that she didn't commit. You're branding her as a thief in Nazarod, but she's not a thief. She's a misappropriator. Same thing here. Our client used the reasonable judgment that a supervisor would make, relying on human resources, relying on human resources to do any additional vetting, understanding that this combination of education and experience was appropriate, and even relied on her supervisors. Both supervisors also thought this employee was qualified by reason of education and experience. Not only that, the efficiency of the service wasn't promoted by this penalty determination because, as we all know, our client, Ms. Doe, and the employee, Asuncion, they were still our employees. Okay. Ms. Bell, you're over your time here. We'll give you two minutes for rebuttal. Thank you, Your Honor. Thank you, Your Honor. May it please the Court. The charge at issue here, Your Honor. It seems to me that there's a serious problem here, that the charges before the agency are different than the charges which were sustained by the MSPB, that the agency specifications charged her with hiring this person when she knew that the person didn't have a college degree. When it gets to the MSPB, everybody agrees that's not a requirement, and yet the MSPB sustains the discipline based on a charge which wasn't made at the agency, right? Well, Your Honor, I look at it a little bit differently. First, I will remind the Court that the purpose of the specifications, again, the charge is negligence. In any way you slice it, the agency has proved negligence. No, but address the question of whether the charge at the agency and the decision of the Board were on different theories. The agency specification did limit it to lack of a bachelor's degree. I agree that the Board took it a step further and said, not only did you not have a bachelor's degree, but you didn't do your due diligence to determine whether the employee. How is that proper? Well, it's proper because the specifications, again, are designed to put Ms. Doe on notice as to why she's being charged with negligence. And she was put on notice. There was never at any point in the record where she's raised that she didn't understand the charges against her and she had an opportunity to defend against the charges against her. Indeed, in response to the notice, she mentioned that there are other ways to qualify for the position. The fact of the matter is... But the deciding official didn't make a decision based on that theory. He said that you believe that a college degree was required and you knew she didn't have a degree. That's the sum and substance of what the deciding official said, which is not the same thing as the decision of the MSPB. I give you that, Your Honor, that there is a slight broadening again. It's not slight. It's quite significant, isn't it? I mean, why do you keep saying slight? Well, it doesn't change the facts, right? The uncontroverted facts are that Ms. Doe knew Ms. Asuncion did not possess a bachelor's degree. She hired her fully aware she didn't possess a degree and without doing any due diligence, as she's admitted, to determine whether she otherwise met the requirements. But that's not what she was charged with before the agency. Well, she was charged with hiring and promoting Ms. Asuncion in 2006 and 2009, knowing she didn't have a degree. And that she did. The agency proved that. She was well aware she didn't have a degree. And if I could just address the HR point, it was HR who contacted her. Put aside the HR point. I'm trying to address the question of the differences between the charge before the agency and the charge that was sustained by the Merit System Protection Court. They're just different, aren't they? They are aligned in that they both charged the hiring and promotion of someone without a bachelor's degree. And at the MSPB, they went a step further and said, you also didn't do your due diligence to determine that she was otherwise required. Why didn't the specification include the charge of both? Of having the degree and the combination, and being negligent in that. It didn't do that. It did. I give you that the specification is not perfect. It either included an extra word. If the specification is not perfect, then how is an employee to have due process, to have knowledge and to be informed of the charges that are being brought against her? Well, here she did. This is a prime example, right? The charge against her was negligence. The specification was not perfect in that it didn't. Let's stay away from the facts for a little bit. And let's stay on the specification because you said it wasn't perfect. And I agree. And it seems to me that an imperfect specification is suspect from the very beginning. Respectfully, Your Honor. But in this case, even with the specification not being perfect, the facts show it wouldn't change a thing. Ms. Doe was on notice as to the charge against her. But the stunt case says there isn't any harmless error theory that you can use in the context of a due process violation. But Ms. Doe did have an opportunity to defend. There was no due process violation. In response to the notice, she very much... She wouldn't have had the opportunity to present her case  unless she were properly charged before the agency. That's the problem. Well, Your Honor, the point... That's a due process violation under our case. It's not having the opportunity to address the actual charge before the agency. But she did address it, right? So if the point is that the specification didn't go a step further and include the language that there was another way to qualify... That's a harmless error argument you're making. But she brought that defense. So she did have an opportunity to respond. She argued in the general sense, but she never was charged with that. So how can she be held to have neglected something that she was not charged with? I know you asked me to step away from the facts, but when we look at the facts, she absolutely was negligent. She did not qualify. She didn't determine that. But it's irrelevant. It's irrelevant whether she was in fact negligent. Maybe if there had been a proper specification here, we'd say that the board's decision supported by substantial evidence to bring this case over with. But that's not an argument that can support an improper specification. But the purpose of the specification, Your Honor, is again to put Ms. Doe on notice as to what the charge against her is. There is no doubt, the record is clear, there has never been a point at which, until post hoc now, Ms. Doe has raised any confusion about what the charge against her was. And in fact, she brought all her valid defenses before... I don't think there was any confusion as to what the charge was before the agency. The charge before the agency was a different one than the one that the board addressed. Well, the charge was negligence for hiring and promoting someone without a bachelor's degree. That was proven. She absolutely hired and promoted Mr. Saint-Jean knowing full well that she had no bachelor's degree. And further, without doing any due diligence. Well, that's their concern is that HUD demoted this person because HUD found, based on its charges, that Ms. Doe hired someone knowing that that person didn't have a bachelor's degree. Period. Then we get to the board, and the board says, yes, it's fine to demote her because she failed to investigate whether or not Mrs. Saint-Jean qualified under some alternate way other than not having a bachelor's degree. And just sitting here, thinking about those two separate reasons for demoting Ms. Doe, they sound a little different. Well, the board also said you failed to... The board also said you were negligent and that you were well aware that she did not possess a bachelor's degree. That point is uncontroverted. But if the board had stopped right there, then we would have alignment between what the board did and what HUD did. And then we could review the merits of that. But right now, it feels like we have some form of misalignment between what the board said and what the board ultimately relied upon because the board really ultimately landed on, as far as I can tell, a conclusion that this person, Ms. Doe, needed to do this investigation, did not do this investigation, and therefore, because of the lack of doing the investigation, she was negligent in her duty as a hiring person. Your Honor, the only reason she would have needed to do the investigation was because the specification was met. In the first instance, she was well aware that there was no bachelor's degree. There would be no need to do any further investigation if Ms. Doe actually made sure Ms. Assangean had a bachelor's degree. But she didn't. Put it this way. If the board had addressed the specification here and said, we sustain the specification she improperly hired somebody who didn't have a bachelor's degree, we'd have to reverse that, right? Sorry, can you say that again, Your Honor? If the board had said that she was properly disciplined for hiring somebody without a bachelor's degree, we'd have to set that aside, right? We'd have to reverse. Why would you have to reverse that, Your Honor? Because that's not the criterion for hiring. But Ms. Doe was still... No, no, no. It's not the criteria. You can read that. A college degree was not a requirement, right? It was not the only requirement, right? So if you had a college degree... No, no, no. It was not a requirement, period. It is a requirement. No, it was not a requirement. There was an alternative way she could be hired, right? It was a qualification for the position. And in fact, the agency... How can you say that? If you don't have a bachelor's degree, then we could look at this other sort of combo that Ms. Doe admits she never looked at if you don't have a bachelor's degree. But if a bachelor's degree exists, then the buck stops there, and she would have been qualified. So that's the point, Your Honor, that that next step would have never arisen. You are not required to have a bachelor's degree for this position, right? Having a bachelor's degree is not the only way that you could be qualified for this position. No, it is not a requirement for this position. It is not the only way you could qualify for this position. No, no, that's not my question. It is not a requirement for this position, right? Not if you're able to otherwise establish through a combination of professional experience and education plus 25 course hours. That is an alternative method of qualifying for the position. All of this Ms. Doe should have known as a hiring official. And that is why what she knew or didn't know, although my opponent makes much of that, the fact of the matter is she was still negligent because as a hiring official, she was well aware... At that point, I see a problem with going back and saying, this is what Mrs. Doe should have known or not have known based on this imperfect specification. Because the specification did not give her notice as to also the combined... You're being charged with negligence for failing to determine whether she met the combined alternative. I understand your point, Your Honor. But again, I would just go back to the facts of this case. And in this case, we absolutely know. Even had the specification continued on with the language given the alternative method... Don't you see your arguments as being... Basically, you're arguing harmless error. I understand, Your Honor. Okay, and harmless error does not apply in these type of situations when we're dealing with due process. And the specification, the information contained in the specification is all about due process, putting the employee on notice as to what the charge is. Right. But my response, though, is that Mrs. Doe was always on notice. And that record is clear that from the very beginning, she raised the alternative method. The problem here is that then we just let the government go and put the onus on the employee to guess what type of charges are brought against them and an employee under our law and precedent defends herself and has notice as to the charge that are being brought against her based on the specification. I agree, Your Honor. And the agency maintains that she was indeed on notice here, as evident by her understanding the charge and defending against it. So we would ask the court... And Your Honor, if I could just make one point, I'm sorry about HR because I just want the record to be clear that HR did contact Mrs. Doe to advise her that Mrs. Sonchion did not have a degree. Mrs. Doe contacted HR back to inform HR that the discrepancy was resolved. So I just want the record to be clear that for HR's purposes, they had provided notice that this was a candidate who did not have a bachelor's degree. So I just wanted to make that point. Thank you, Your Honor. The Department of Housing and Urban Development would ask the court to affirm the court's decision sustaining the charge against Mrs. Doe. Thank you, Ms. Murphy. Ms. Miller, you have two minutes. The harmfulness of this changing of theories of negligence is really demonstrated by the fact that HUD has the burden of proof, right? If they want to demote and suspend an employee for misconduct, they have to prove it. So the harmfulness here is that HUD had the obligation to determine that this employee was not qualified by virtue of a college degree and or other experience in education. Here, you know, we know that this employee had 21 hours and there was another class that could have qualified. Even at the hearing, the human resources official said, you know, I would have investigated. That would have been my job to investigate. So even if the agency was... But Ms. Doe never investigated. She never got the transcripts, right? So she could never have honestly said, I know this person was qualified through this combination of education and work experience because I looked at the transcripts. That wouldn't be an honest thing to say because she never looked at the transcripts. So she could have no possible idea of knowing whether or not Mrs. Sancion was, in fact, qualified through this alternative means. Is that fair to say? Yes, and because she wasn't placed on notice of that kind of misconduct, then she was unable to present that kind of evidence at a hearing. So, for example, HUD would have had to bring in evidence that this person wasn't, in fact, qualified by those courses that she had. They didn't prove that. In fact, our clients said, well, I looked at it. It seems like she was qualified. This is a different question. This is about... I mean, I'm talking about the board's articulation right now. The board's articulation is regardless of whether or not, as a matter of fact, Mrs. Sancion had all the credits and the required classes that would qualify under this combination theory. The problem for Ms. Doe is she never investigated it. And because she never investigated it, she had really no reasonable basis to believe this person was qualified, knowing that this person didn't have a college degree. And that would be, therefore, a finding of negligence. Does that make sense? It does. But a definition, our common law definition of negligence is that you have a duty and that you're breached and a reasonably prudent person under similar circumstances would take the same action, right? So it's a reasonably prudent standard. And here, you know, we believe that not only did our client testify, but the substantial evidence in this record from her two senior executive supervisors, from the human resources managers that testified, that they all knew at three different periods of time over this 10-year period, this employee did not have a college degree and let her still continue to work, that our client was reasonable. She was a reasonable supervisor to rely on not only this employee's great work, her knowledge of the work, her knowledge of what she believed to be her qualifications based on that combination, and human resources told her, you know, through her managers, which communicated this to her, that that's fine. It's your call. It's your judgment. So, you know, 10 years to come back later and blame her and make her the scapegoat for this agency missing, just really missing the ball and not doing its job to verify this employee's credentials. We believe that a reasonably prudent supervisor would have done just what Ms. Doe did, rely on her supervisors, the employee's work experience... Let me ask you a question. Suppose we were to conclude, hypothetically, that there was a discrepancy between the charge before the agency and the decision of the MSPB which went on a different theory. And suppose we decide that and say, okay, we've got to set aside the decision. Do we have to address the question of whether the board's theory of negligence is supported by substantial evidence? We submit no, and that's simply because that was not what the charge was that she was defending. But if, in fact... But we don't have to reach that question. You do not, sir. And, you know, alternatively, if you felt that you wanted to re-examine whether or not she was truly negligent, then we would submit that the penalty certainly doesn't support the efficiency of the service either. There's just so much wrong here. The agency should not be excused for failing to prove what it charged. It just shouldn't be. Okay, thank you. Thank you. Thank you, counsel. The case is submitted.